**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 24-78-DLB**

**ANTHONY THOMAS HARRELSON**                                             **PETITIONER**


**v.**                     **MEMORANDUM OPINION AND ORDER**


**USA**                                                                   **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Anthony Thomas Harrelson is a federal inmate who is currently confined at FCI-Ashland in Ashland, Kentucky.   Proceeding without counsel, Harrelson has filed an "Emergency 2241" seeking habeas relief from this Court under 28 U.S.C. § 2241.  (Doc. #1).  However, Harrelson's petition was not filed on a form approved for use by this Court as required by Local Rule 5.3.  In addition, Harrelson did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914.  While he did file a motion for leave to proceed *in forma pauperis* (Doc. #7), the affidavit of assets in support of his motion (Doc. # 9) indicates that he has sufficient funds in his inmate account to pay the $5.00 filing fee.  Thus, his motion will be **denied**.

Even so, the Court will proceed with conducting the initial screening of Harrelson's § 2241 petition as required by 28 U.S.C. § 2243.[1]  Upon review of Harrelson's petition, it

---

[1] The Court is required to conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  *See also Alexander*,

is evident that he has not fully exhausted his available administrative remedies with respect to his claim for relief.  Thus, his petition must be denied without prejudice.

In his § 2241 petition, Harrelson alleges that he learned on July 24, 2024, that the Bureau of Prisons ("BOP") has revoked his Residential Re-entry Center ("RRC")/halfway house placement, which he claims was improper.  (Doc. # 1).  Harrelson has also filed a "Motion for Addendum" in further support of his claims (Doc. # 4),[2] as well as a "Motion for Preliminary Injunction" (Doc. # 8), in which he requests that the Court immediately require the Bureau of Prisons to transfer him to an RRC or a home confinement and to "advance the underlying trial on this matter and consolidate it with the hearing in this matter…and appoint competent counsel to assist him in pursing this necessary claim." (*Id*.).

However, it has long been the rule that, before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the BOP.  *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006).  *See also Leslie v. United States*, 89 Fed. Appx. 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.").  Administrative remedies must be exhausted *prior* to filing suit and *in full conformity* with the agency's claims processing rules.  *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006) (emphasis added).

---

419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

[2] Harrelson's pleading is improper, as his claims and supporting arguments for relief may not be presented in multiple, disjointed pleadings.  Rather, a habeas petitioner must include all of his or her claims and arguments for relief in one single petition.

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff.   28 C.F.R. § 542.13.  If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond.  *See* 28 C.F.R. §§ 542.14(a) and 542.18.  If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

In his petition, Harrelson admits that he has not fully exhausted his administrative remedies, but claims that exhaustion of administrative remedies is not required and is futile in this instance because his Unit Team has already rejected his verbal requests for relief.  (Doc. #1 at p. 2-3).  However, Harrelson's claim that he is not required to exhaust his administrative remedies is contrary to clearly-established law.  Moreover, there is nothing in the record supporting Harrelson's subjective, conclusory assessment that administrative exhaustion is futile.  *Cf. Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (noting that futility may be shown where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider.") (*citing James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987)).   Harrelson's own belief that filing an administrative grievance would be futile

simply because his Unit Team has rejected his verbal requests does not excuse his failure to fully exhaust his administrative remedies prior to filing suit.

It is well-settled that exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford*, 548 U.S. at 89 (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)).  Because the Court finds that the purposes of administrative exhaustion would be furthered by the completion of the administrative process here, it denies Harrelson's request to excuse his failure to exhaust his administrative remedies.

While exhaustion of administrative remedies is an affirmative defense that a prisoner is "not required to specially plead or demonstrate" in his petition, *Jones v. Bock*, 549 U.S 199, 216 (2007), "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (order).

4

Because it is evident from Harrelson's § 2241 petition that it was filed before he exhausted his available administrative remedies with respect to his claims, his petition will be denied without prejudice.

For all of the foregoing reasons, it is hereby **ORDERED** as follows:

1. Harrelson's motion for leave to proceed *in forma pauperis* (Doc. # 7, 9) is **DENIED**;

2. Harrelson's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**, without prejudice;

3. All other pending requests for relief, including Harrelson's "Motion to Add Addendum" (Doc. # 4) and "Motion for Preliminary Injunction" (Doc # 8), are **DENIED** as moot;

4. The Court will enter an appropriate Judgment; and

5. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 29th day of August, 2024.

Signed By:

*David L. Bunning*   DB

United States District Judge